**EXHIBIT A**

Electronically Filed
Kahalah A. Clay
Circuit Clerk
CARMEN GLENN
19L0093
St. Clair County
2/1/2019 11:20 AM
3753979

## IN THE CIRCUIT COURT
## TWENTIETH JUDICIAL CIRCUIT
## ST. CLAIR COUNTY, ILLINOIS

CONNIE DAILEY,                    )
                                  )
    Plaintiff,               )
                                  )
vs.                               )   No.  19L0093
                                  )
HSHS MEDICAL GROUP,               )
                                  )
    Defendant.               )

### COMPLAINT

### COUNT I –Violation of FMLA

NOW COMES Plaintiff, Connie Dailey, by her attorneys, Brunton Law Offices, P.C., and for Count I of her Complaint against Defendant, HSHS Medical Group states:

1.    Connie Dailey was an employee of HSHS Medical Group at its business located in the city of O'Fallon, St. Clair County, Illinois.

2.    Connie Dailey exercised her rights by requesting leave under the Family Medical Leave Act from HSHS Medical Group

3.    HSHS Medical Group has more than 50 employees.

4.    Connie Dailey was qualified for benefits under the Family Medical Leave Act. 29 U.S.C. 2614, et. seq. due to her medical condition(s).

5.    Supervisors at HSHS Medical Group informed Dailey that she could take off work using FMLA leave and, in fact, Dailey exercised her rights by taking off on FMLA leave.

6.    After missing work due to her medical condition and after requesting FMLA leave, Dailey was harassed and eventually discharged from her job at HSHS Medical Group

1

7.        Prior to her termination, Dailey was performing her job according to her employer's legitimate expectations.

8.        Connie Dailey's discharge from her employment with HSHS Medical Group is casually related to her request for Family Medical Leave Act benefits.

9.        HSHS Medical Group discharged Connie Dailey in violation of the Family Medical Leave Act. 29 U.S.C. 2614, *et. seq.*

10.       As a result of the HSHS Medical Group's violation of the Family Medical Leave Act, Connie Dailey should be awarded compensatory damages for past and future lost earnings and benefits.

11.       As a result of HSHS Medical Group's violation of the Family Medical Leave Act, Connie Dailey should be awarded compensatory damages for severe emotional trauma.

12.       As a result of HSHS Medical Group's violation of the Family Medical Leave Act, Connie Dailey is entitled to an award of reasonable attorney fees and costs.

13.       As a result of HSHS Medical Group's violation of the Family Medical Leave Act, Connie Dailey should be awarded all incidental and consequential damages.

14.       As a result of HSHS Medical Group's violation of the Family Medical Leave Act, Connie Dailey should be awarded liquidated damages.

WHEREFORE, Plaintiff, Connie Dailey, prays for judgment in an amount that exceeds $50,000.00 plus costs of this action, and for any other relief as this Court may deem just and proper.

## COUNT II - Violation of ADA (Disability)

NOW COMES Plaintiff, Connie Dailey, (hereinafter referred to as "Dailey") by her undersigned attorneys, Brunton Law Offices, P.C., and for Count II of her Complaint against Defendant, HSHS Medical Group, states:

2

1.     Dailey was employed by HSHS Medical Group located in the city of O'Fallon, in St. Clair County, Illinois.

2.     At all relevant times, Dailey was qualified for her position and was able to perform essential functions of her job.

3.     HSHS Medical Group, at all relevant times, had more than 50 employees.

4.     Dailey sustained various injuries during her employment with HSHS Medical Group, which were significant and required her to take FMLA leave.

5.     Dailey had a disability and Dailey was a "qualified individual with a disability" and Dailey was perceived to have a disability within the meaning of Title I of the Americans with Disabilities Act, 42 U.S.C. §12111(2) and (8) because of the aforementioned injuries that required her to obtain FMLA leave from HSHS Medical Group.

6.     HSHS Medical Group discriminated against Dailey, compared to any similarly situated class of employees at HSHS Medical Group, because of her disability, and/or the perception that Dailey had a disability, in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et. seq.*

7.     Dailey was subjected to discrimination, harassment and a hostile work environment because of her disability, and/or the perception that Dailey had a disability, in violation of the Americans with Disabilities Act of 1990.

8.     Dailey was terminated as a result of her disability, and/or the perception that Dailey had a disability, in violation of the American with Disabilities Act of 1990.

9.     Dailey filed a charge of discrimination with the EEOC.  A copy of the charge is attached and incorporated by reference as Exhibit "A".

3

10.    Dailey received a Notice of Right to Sue from the EEOC.  A copy of the Notice is attached and incorporated as Exhibit "B".

11.    Dailey filed this action within ninety (90) days of the receipt of the Notice of Right to Sue Letter.

12.    As a result of the discrimination, harassment, and hostile work environment by HSHS Medical Group, Dailey suffered, and in the future will continue to suffer, emotional distress, mental anguish, pain and suffering and inconvenience.

13.    As a result of the discrimination, harassment, and hostile work environment by HSHS Medical Group, Dailey was caused to lose wages and fringe benefits and she is entitled to recover for this loss.

14.    As a result of the discrimination, harassment, and hostile work environment by HSHS Medical Group, Dailey will lose future earnings and future fringe benefits and she is entitled to recover for this loss.

15.    In addition, Dailey is entitled to reasonable attorney fees and costs and all other affirmative relief as this court deems appropriate.

16.    In addition, Dailey is further entitled to pre-judgment interest to compensate her for the loss of wages during the period preceding any final judgment.  Dailey is further entitled to post-judgment interest from the date of judgment to the date that any judgment is paid by HSHS Medical Group

17.    In addition, HSHS Medical Group, through its managers, had knowledge that it may have been acting in violation of federal law and/or HSHS Medical Group approved or ratified the acts of discrimination and thus, Dailey is entitled to punitive damages.

4

WHEREFORE, Plaintiff, Connie Dailey, prays for judgment in an amount that exceeds $50,000.00 plus costs of this action, and for any other relief as this Court may deem just and proper.

## COUNT III – Violation of ADA (Retaliation – Disability)

NOW COMES Plaintiff, Connie Dailey, (hereinafter referred to as "Dailey") by her undersigned attorneys, Brunton Law Offices, P.C., and for Count III of her Complaint against Defendant, HSHS Medical Group, states:

1-7.    For paragraphs one (1) through seven (7) of Count III, Plaintiff realleges and incorporates paragraphs one (1) through seven (7) of Count II as though fully alleged herein.

8.    Dailey reported the discriminatory harassment and hostile work environment because of her disability, and/or the perception that Dailey had a disability, to supervisors at HSHS Medical Group

9.    Dailey was terminated and had other adverse employment actions in retaliation for reporting the discrimination, harassment, and hostile work environment because of her disability, and/or the perception that Dailey had a disability, in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et. seq*.

10.    Dailey filed a charge of discrimination with the EEOC.  A copy of the charge is attached and incorporated by reference as Exhibit "A".

11.    Dailey received a Notice of Right to Sue from the EEOC.  A copy of the Notice is attached and incorporated as Exhibit "B".

12.    Dailey filed this action within ninety (90) days of the receipt of the Notice of Right to Sue Letter.

13.     As a result of the retaliatory termination and adverse employment actions by HSHS Medical Group, Dailey suffered, and in the future will continue to suffer, emotional distress, mental anguish, pain and suffering and inconvenience.

14.     As a result of the retaliatory termination and adverse employment actions by HSHS Medical Group, Dailey was caused to lose wages and fringe benefits and she is entitled to recover for this loss.

15.     As a result of the retaliatory termination and adverse employment actions by HSHS Medical Group, Dailey will lose future earnings and future fringe benefits and she is entitled to recover for this loss.

16.     In addition, Dailey is entitled to reasonable attorney fees and costs and all other affirmative relief as this court deems appropriate.

17.     In addition, Dailey is further entitled to pre-judgment interest to compensate her for the loss of wages during the period preceding any final judgment.  Dailey is further entitled to post-judgment interest from the date of judgment to the date that any judgment is paid by HSHS Medical Group

18.     In addition, HSHS Medical Group, through its managers, had knowledge that it may have been acting in violation of federal law and/or HSHS Medical Group approved or ratified the acts of discrimination and thus, Dailey is entitled to punitive damages.

WHEREFORE, Plaintiff, Connie Dailey, prays for judgment in an amount that exceeds $50,000.00 plus costs of this action, and for any other relief as this Court may deem just and proper.

## COUNT IV – Violation of IHRA (Disability)

NOW COMES Plaintiff, Connie Dailey, (hereinafter referred to as "Dailey") by her undersigned attorneys, Brunton Law Offices, P.C., and for Count IV of her Complaint against Defendant, HSHS Medical Group, states:

1.     Dailey was employed by HSHS Medical Group located in the city of O'Fallon, in St. Clair County, Illinois.

2.     At all relevant times, Dailey was qualified for her position and was able to perform essential functions of her job.

3.     HSHS Medical Group, at all relevant times, had more than 15 employees.

4.     Dailey sustained various injuries during her employment with HSHS Medical Group, which were significant and required her to take FMLA leave.

5.     Dailey had a handicap and/or history of a disability and Dailey was perceived as having a handicap, within the meaning of the Illinois Human Rights Act, 775 ILCS 5/1-101 *et. seq.* as a result of the aforementioned injuries that required FMLA leave.

6.     HSHS Medical Group discriminated against Dailey, compared to any similarly situated class of employees at HSHS Medical Group, because of her handicap and/or history of her disability and/or perception of her having a handicap, in violation of the Illinois Human Rights Act, 775 ILCS 5/1-101 *et. seq.*

7.     Dailey was subjected to discrimination, harassment and a hostile work environment because of her handicap and/or history of her disability and/or perception of her having a handicap, in violation of Illinois Human Rights Act, 775 ILCS 5/1-101 *et. seq.*

7

8.     Dailey was terminated as a result of her handicap and/or history of her disability and/or perception of her having a handicap in violation of the Illinois Human Rights Act, 775 ILCS 5/1-101 *et. seq.*

9.     Dailey filed a charge of discrimination with the EEOC and IDHR.  A copy of the charge is attached and incorporated by reference as Exhibit "A".

10.    Dailey received a Notice of Dismissal and Order of Closure from the IDHR.  A copy of the Notice of Dismissal and Order of Closure is attached and incorporated as Exhibit "C".

11.    Dailey filed this action within ninety (90) days of the receipt of the Notice of Dismissal and Order of Closure.

12.    As a result of the discrimination, harassment, and hostile work environment by HSHS Medical Group, Dailey suffered, and in the future will continue to suffer, emotional distress, mental anguish, pain and suffering and inconvenience.

13.    As a result of the discrimination, harassment, and hostile work environment by HSHS Medical Group, Dailey was caused to lose wages and fringe benefits and she is entitled to recover for this loss.

14.    As a result of the discrimination, harassment, and hostile work environment by HSHS Medical Group, Dailey will lose future earnings and future fringe benefits and she is entitled to recover for this loss.

15.    In addition, Dailey is entitled to reasonable attorney fees and costs and all other affirmative relief as this court deems appropriate.

16.    In addition, Dailey is further entitled to pre-judgment interest to compensate her for the loss of wages during the period preceding any final judgment.  Dailey is further entitled to

post-judgment interest from the date of judgment to the date that any judgment is paid by HSHS Medical Group

17.    In addition, HSHS Medical Group, through its managers, had knowledge that it may have been acting in violation of law and/or HSHS Medical Group approved or ratified the acts of discrimination and thus, Dailey is entitled to punitive and/or liquidated damages, if recoverable by the IHRA.

WHEREFORE, Plaintiff, Connie Dailey, prays for judgment in an amount that exceeds $50,000.00 plus costs of this action, and for any other relief as this Court may deem just and proper.

## COUNT V – Violation of IHRA (Retaliation-Disability)

NOW COMES Plaintiff, Connie Dailey, (hereinafter referred to as "Dailey") by her undersigned attorneys, Brunton Law Offices, P.C., and for Count V of her Complaint against Defendant, HSHS Medical Group, states:

1-7.    For paragraphs one (1) through seven (7) of Count V, Plaintiff realleges and incorporates paragraphs one (1) through seven (7) of Count IV as though fully alleged herein.

8.    Dailey reported the discrimination, harassment and hostile work environment because of her handicap and/or history of disability and/or perception of her handicap, as a result of her aforementioned injuries that required FMLA leave, to supervisors at HSHS Medical Group

9.    Dailey was terminated and had other adverse employment actions in retaliation for reporting the discrimination, harassment, and hostile work environment because of her handicap and/or history of disability and/or perception of her handicap as a result of her injuries that required FMLA leave, in violation of the Illinois Human Rights Act, 775 ILCS 5/1-101 *et. seq.*

10.    Dailey filed a charge of discrimination with the EEOC and IDHR.  A copy of the charge is attached and incorporated by reference as Exhibit "A".

9

11.     Dailey received a Notice of Dismissal and Order of Closure from the IDHR.  A copy of the Notice is attached and incorporated as Exhibit "C".

12.     Dailey filed this action within ninety (90) days of the receipt of the Notice of Dismissal and Order of Closure.

13.     As a result of the retaliatory termination and adverse employment actions by HSHS Medical Group, Dailey suffered, and in the future will continue to suffer, emotional distress, mental anguish, pain and suffering and inconvenience.

14.     As a result of the retaliatory termination and adverse employment actions by HSHS Medical Group, Dailey was caused to lose wages and fringe benefits and she is entitled to recover for this loss.

15.     As a result of the retaliatory termination and adverse employment actions by HSHS Medical Group, Dailey will lose future earnings and future fringe benefits and she is entitled to recover for this loss.

16.     In addition, Dailey is entitled to reasonable attorney fees and costs and all other affirmative relief as this court deems appropriate.

17.     In addition, Dailey is further entitled to pre-judgment interest to compensate her for the loss of wages during the period preceding any final judgment.  Dailey is further entitled to post-judgment interest from the date of judgment to the date that any judgment is paid by HSHS Medical Group

18.     In addition, HSHS Medical Group, through its managers, had knowledge that it may have been acting in violation of law and/or HSHS Medical Group approved or ratified the acts of discrimination and thus, Dailey is entitled to punitive and/or liquidated damages, if recoverable by the IHRA.

10

WHEREFORE, Plaintiff, Connie Dailey, prays for judgment in an amount that exceeds $50,000.00 plus costs of this action, and for any other relief as this Court may deem just and proper.

BRUNTON LAW OFFICE, P.C.

_____/s/ Michael J. Brunton_____
Michael J. Brunton, #6206663
Mary M. Stewart, #6200773
819 Vandalia (HWY 159)
Collinsville, IL 62234
(618) 343-0750
(618) 343-0227 Facsimile
*Attorneys for Plaintiff*

11

EXHIBIT

A

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented to: | Ag |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other Information before completing this form. | __ FEPA | |
| | X EEOC | 560-2017-00679 |

| | Illinois Department of Human Rights | and EEOC |
|---|---|---|
| | State or local Agency, if any | |

| Name (indicate Mr. Ms. Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Connie Dailey | 618-581-6802 | 9/11/72 |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| 7 Belle Crest Drive | Belleville, IL 62221 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| HSHS Medical Group | 50+ | 217-321-9292 |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| 3051 Hollis Drive | Springfield, IL 62704 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| | | |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| | Earliest          Latest |
| X RACE  X COLOR  __ SEX __ RELIGION __ NATIONAL ORIGIN | 2/3/17 |
| X RETALIATION __ AGE  X DISABILITY  X OTHER (Specify below.) | X CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attached extra sheet(s)):

SEE ATTACHED PAGE FOR PARTICULARS

2017 APR 10  PH 4: 14

RECEIVED
EEOC
ST LOUIS DISTRICT

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| | 4-6-17 |
| | Melissa Calienda |
| | MY COMMISSION EXPIRES:06/04/19 NOTARY PUBLIC - STATE OF ILLINOIS MELISSA N CALIENDO OFFICIAL SEAL |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 4-6-17 | |
| Date      Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

**Race discrimination & Retaliation:**

Connie Dailey was an employee with HSHS Medical Group

Connie Dailey's race is Caucasian.

Connie Dailey's color is white.

Connie Dailey was able to perform all essential functions of her job.

Connie Dailey was subjected to a hostile work environment, harassment, and was subjected to discrimination while working for HSHS Medical Group because of her race.

Connie Dailey was subjected to a hostile work environment, harassment, and was subjected to discrimination while working for HSHS Medical Group because of her color.

Connie Dailey reported the hostile work environment, harassment and discrimination because of her race and/or because of her color to her supervisors.

Connie Dailey was subjected to adverse employment actions and was terminated in retaliation for reporting hostile work environment, harassment and discrimination because of her race and color.

**Other:**

Connie Dailey had her FMLA rights violated by HSHS Medical Group.

Connie Dailey was subjected to adverse employment actions and was terminated in retaliation for requesting benefits under the FMLA.

Connie Dailey reported illegal activities to supervisors at HSHS Medical Group.

Connie Dailey was subjected to a hostile work environment and harassment while working for HSHS Medical Group because of her reports of illegal activities.

Connie Dailey was subjected to adverse employment actions and was terminated in retaliation for reporting the illegal activities at HSHS Medical Group.

Form 161 (11/16)

**U.S. EQ . EMPLOYMENT OPPORTUNITY COMMISS I**

EXHIBIT
B

## DISMISSAL AND NOTICE OF RIGHTS

Connie S. Dailey
7 Belle Crest
Belleville, IL 62221

From:  St. Louis District Office
1222 Spruce Street
Room 8.100
Saint Louis, MO 63103

☐  On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| )C Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| )-2017-00679 | Walter H. Harris, III, Investigator | (314) 539-7936 |

E EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒  The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐  Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

le VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age
scrimination in Employment Act: This will be the only notice of dismissal and of your right to sue that we will send you.
u may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your
vsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be
.t. (The time limit for filing suit based on a claim under state law may be different.)

jual Pay Act (EPA): EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the
aged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)**
fore you file suit may not be collectible.

On behalf of the Commission

NOV 2 3 2018

nclosures(s)

James R. Neely, Jr.,
Director

(Date Mailed)

Penny L. McCarty
Chief People Officer
HSHS MEDICAL GROUP
3051 Hollis Drive
Springfield, IL 62704

Shavaun Adams Taylor
DRINKER BIDDLE &
REATH
191 North Wacker Drive
Suite 3700
Chicago, IL 60606-1698

Michael J. Brunton
BRUNTON LAW OFFICES
819 Vandalia (Hwy. 159)
Collinsville, IL 62234



EXHIBIT

__C__

STATE OF ILLINOIS
DEPARTMENT OF HUMAN RIGHTS

IN THE MATTER OF:                          )
                                           )
CONNIE S. DAILEY,                          )
                                           )
            COMPLAINANT,                   )
                                           )
AND                                        )          CHARGE NO. 2017SR3549
                                           )
HSHS MEDICAL GROUP,                        )
                                           )
            RESPONDENT.                    )

## NOTICE OF DISMISSAL FOR LACK OF SUBSTANTIAL EVIDENCE AND ORDER OF CLOSURE

Michael Brunton                            Penny L. McCarty
Brunton Law Office, P.C.                   Chief People Officer
819 Vandalia (HWY 159)                     HSHS MEDICAL GROUP
Collinsville, Illinois 62234               3051 Hollis Drive
                                           Springfield, Illinois 62704

DATE OF DISMISSAL:  January 17, 2019

1.      YOU ARE HEREBY NOTIFIED that the Department has not received a timely request to review the EEOC determination of no cause, a copy of which is enclosed.  Based upon the enclosed determination, the DEPARTMENT OF HUMAN RIGHTS (DHR) finds that there is NOT substantial evidence to support the allegations of the charge(s).  Accordingly, pursuant to Section 7A-102(A-1)(3)(a) of the Human Rights Act (775 ILCS 5/1-101 et. seq.) and its Rules and Regulations (56 Ill. Adm. Code. Chapter II, Section 2520.560), the charge is HEREBY DISMISSED and CLOSED.

2.      Complainant may commence a civil action against Respondent in the appropriate state circuit court or other appropriate court of competent jurisdiction within ninety (90) days after receipt of this Notice.  A complaint should be filed in the circuit court in the county where the civil rights violation was allegedly committed.  If you intend to exhaust your State remedies, please notify the Equal Employment Opportunity Commission (EEOC) immediately: EEOC, 500 West Madison Street, Suite 2000, Chicago, Illinois  60661.

Please note that the Department cannot provide any legal advice or assistance.  Please contact legal counsel, your city clerk, or your county clerk with any questions.

3.      Complainant is hereby notified that the charge(s) are dismissed with prejudice with no right to further proceed if a timely written complaint is not filed with the appropriate circuit court.

DEPARTMENT OF HUMAN RIGHTS

EEOC Ref Chg (CR / SR)
HB59/NOD/LSE
08/12