UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CONNIE DAILEY,

    Plaintiff,

v.

HSHS MEDICAL GROUP,

    Defendant.

Case No. 19-cv-282-JPG-MAB

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant HSHS Medical Group's ("HSHS") motion to dismiss plaintiff Connie Dailey's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 11). Dailey has responded to the motion (Doc. 19).

**I.    Standard for Dismissal**

When considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

In *Bell Atlantic*, the Supreme Court rejected the more expansive interpretation of Rule 8(a)(2) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). *Bell Atlantic*, 550 U.S. at 561-63; *Concentra Health Servs.*, 496 F.3d at 777. Now "it is not enough for a complaint to avoid foreclosing possible bases for relief; it must actually suggest that the plaintiff has a right to relief . . . by providing allegations that 'raise a right to relief above the speculative level.'" *Concentra Health Servs.*, 496 F.3d at 777 (quoting *Bell Atl.*, 550 U.S. at 555).

Nevertheless, *Bell Atlantic* did not do away with the liberal federal notice pleading standard. *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). A complaint still need not contain detailed factual allegations, *Bell Atl.*, 550 U.S. at 555, and it remains true that "[a]ny district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain . . .' should stop and think: What rule of law *requires* a complaint to contain that allegation?" *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) (emphasis in original). Nevertheless, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl.*, 550 U.S. at 555. If the factual detail of a complaint is "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8," it is subject to dismissal. *Airborne Beepers*, 499 F.3d at 667.

## II.  Facts Alleged

The legal conclusions asserted in Dailey's complaint are numerous, but the factual allegations are sparse. Viewing all the factual allegations in Dailey's favor, the complaint establishes the following relevant facts:

At some point, Dailey was employed by HSHS, which employed more than fifty people. While she was employed, she was injured. She had a medical condition and/or a record of one, and HSHS

may have perceived that she was disabled. Nevertheless, she was able to perform her job as HSHS expected.

Dailey asked for and was given leave under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* After missing work and asking for FMLA leave, she was harassed and was discharged

HSHS treated Dailey worse than it treated similarly situated employees because of her disability, her history of disability, and/or HSHS's perception that she was disabled. Dailey also experienced discrimination in the form of harassment and a hostile work environment and was terminated because of her disability, her history of disability, and/or HSHS's perception that she was disabled.

Dailey complained of the aforementioned disability discrimination to supervisors. She was terminated and suffered other unidentified adverse employment action because of these complaints.

HSHS knew its conduct violated federal law.

Dailey exhausted her administrative remedies with the Equal Employment Opportunity Commission and the Illinois Department of Human Rights before filing this lawsuit on February 1, 2019, in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois. She alleges claims for violation of the FMLA (Count I), violation of the prohibition on discrimination of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* (Count II), violation of the prohibition on retaliation of the ADA (Count III), violation of the prohibition on discrimination under the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/1-101 *et seq.* (Count IV), and violation of the prohibition on retaliation under the IHRA (Count V). HSHS removed the case to this Court in March 2019, where the Court now considers HSHS's motion to dismiss for failure to state a claim.

**III.  Analysis**

HSHS asks the Court to dismiss this case on the grounds that Dailey has not satisfied even the

liberal federal notice pleading standard. The Court agrees, but it does not believe Dailey is obligated to plead all the facts HSHS argues she must plead. To assert an employment discrimination claim, all a complaint must state is that the employer has caused some concrete injury by discriminating against her. *Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 714 (7th Cir. 2006); *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998); *see EEOC v. Concentra Health Servs.*, 496 F.3d 773, 781 (7th Cir. 2007). "It is enough to name the plaintiff and the defendant, state the nature of the grievance, and give a few tidbits (such as the date) that will let the defendant investigate. A full narrative is unnecessary." *Kolupa*, 438 F.3d at 714. The complaint need not plead facts to support each element or theory of a case. *Id.* at 714-15 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002)); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). Nevertheless, Dailey must, at a minimum, plead facts to give HSHS fair notice of what her claim is and her grounds for asserting the claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.*

Dailey's complaint is deficient in failing to plead even "a few tidbits" that would allow HSHS to investigate her claims. Instead, it is comprised primarily of legal conclusions like those found patently inadequate in *Bell Atlantic*.

For example, Dailey claims she has a medical condition and/or injuries that impair her, yet she does not say what her health problem is so that HSHS can determine its position on the issue of disability and whether that condition played a role in its actions toward her. Indeed, in disability discrimination cases asserting an actual disability, the plaintiff must allege what it is that makes her disabled. *See Freeman v. Metro. Water Reclam. Dist. of Chi.*, No. 18-3737, 2019 WL 2481926, * 2 (7th Cir. June 14, 2019); *Tate v. SCR Med. Transp.*, 809 F.3d 343, 345 (7th Cir. 2012) ("And surely a plaintiff alleging discrimination on the basis of an actual disability under 42 U.S.C. § 12102(1)(A) must allege a specific disability."). Only when the asserted disability is identified does the defendant

have "fair notice" of the claim against it. *Tate*, 809 F.3d at 345. The Court believes the same holds true for state law discrimination claims.

Other aspects of the complaint also contribute to the failure to give HSHS a fair basis to begin an investigation. While Dailey is correct that, other than the nature of her disability, no specific "tidbit" is required to be pled in her complaint, she must give HSHS some place to start its investigation. She offers next to nothing, spouting pat legal conclusions. For example, one "tidbit" that could begin to offer fair notice to HSHS is the nature of the harassment or the identity of the harassers that purportedly began treating her poorly because she took FMLA leave. That would allow HSHS to start asking questions of its employees that might have been involved. Another "tidbit" that could help is for Dailey to identify the "supervisors" to whom she reported HSHS's alleged improper conduct—even if just to clarify that they were "her supervisors," which HSHS could presumably then identify. She could also identify the "other adverse employment actions" allegedly taken in response to her reports of misconduct. Without knowing even the nature of those other actions, HSHS would have a hard time investigating them to formulate a position to answer the complaint. While, as noted above, none of these individual "tidbits" is required by any rule to be in Dailey's complaint, they, or other similar pieces of information, would build Dailey's complaint into "more than labels and conclusions, [or] a formulaic recitation of the elements of the cause of action" that would allow HSHS to respond and to allow the Court to find a plausible suggestion of a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555.

Because it is not clear that Dailey is unable to state facts to adequately plead her claim, the Court will allow her a reasonable opportunity to file an amended complaint. The Court reminds Dailey that litigation is not a game of hide-the-ball. She is highly unlikely to gain any advantage by hiding the basic facts and allegations of her case from the defendant. By doing so, she instead wastes the parties' and the Court's resources trying to make sense of sketchy allegations that, although not required to be

5

more fully pled, could easily be fleshed out to better achieve a more just and speedy resolution of her case. The Court encourages her to keep this in mind when she amends her complaint.

## IV. Conclusion

For the foregoing reasons, the Court:

- **GRANTS** HSHS's motion to dismiss the complaint (Doc. 11);

- **DISMISSES** the complaint **without prejudice**; and

- **ORDERS** that Dailey shall have 30 days from the date of this order to amend her complaint to give HSHS fair notice of her claims and their bases. Should Dailey fail to amend her complaint in a timely manner, the Court will enter judgment of dismissal.

**IT IS SO ORDERED.**
**DATED: July 2, 2019**

        s/ J. Phil Gilbert
        **J. PHIL GILBERT**
        **DISTRICT JUDGE**